<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEONDRAE L. KING,<br><br>                Plaintiff,<br><br>v.<br><br>HUDSON COUNTY CORRECTIONAL FACILITY AND REHABILITATION, *et al.*,<br><br>                Defendants. | Civil Action<br>No. 22cv5918 (EP) (AME)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Deondrae King, a pretrial detainee detained in the Hudson County Correctional Facility ("HCCF") in Kearny, New Jersey, seeks to file this Complaint against HCCF and HCCF Acting Warden Oscar Aviles under 42 U.S.C. § 1983. D.E. 1. At this time, the Court must review the Complaint in accordance with 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons below, the Court will dismiss the Complaint without prejudice.

**I.    BACKGROUND**

Plaintiff states he entered HCCF on April 26, 2022, at which time "people were testing positive for COVID-19 and [HCCF staff] removed these individuals but never did any contact tracing." D.E. 1 at 5. He alleges HCCF put everyone "falsely on lockdown for a month straight some consecutive days without shower or proper recreation or exercise." *Id.* at 5-6. "Complaints

and grievances were made to no avail." *Id.* at 6. Plaintiff asserts Defendants "failed to properly establish a COVID-19 policy during this deadly pandemic and as a result create[ed] cruel and unsanitary conditions in various ways that put my life and health at risk." *Id.*

## II.  STANDARD OF REVIEW

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

## III.  ANALYSIS

Plaintiff alleges Aviles, as the director of HCCF, "failed to establish a COVID-19 policy during this deadly pandemic and as a result create[ed] cruel and unsanitary conditions in various ways that put my life and health at risk." D.E. 1 at 4. "In accordance with the Supreme Court's

2

decision in *Bell v. Wolfish*, 441 U.S. 520, 549 (1979), detainees may not be punished before they are adjudicated guilty." *Hope v. Warden York County Prison*, 972 F.3d 310, 325 (3d Cir. 2020). "The touchstone for the constitutionality of detention is whether conditions of confinement are meant to punish or are 'but an incident of some other legitimate governmental purpose.'" *Id.* at 326 (quoting *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) ("*Hubbard II*")). "'[T]he ultimate question' is whether conditions are 'reasonably related to a legitimate governmental objective.'" *Id.* (quoting *Hubbard II*, 538 F.3d at 236) (alteration in original). If detainees "are subject to conditions unrelated to a legitimate governmental objective, 'we may infer "that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees qua detainees."'" *Id.* (quoting *E. D. v. Sharkey*, 928 F.3d 299, 307 (3d Cir. 2019); *Hubbard II*, 538 F.3d at 232). Courts must "consider the totality of the circumstances of confinement, including any genuine privations or hardship over an extended period of time, and whether conditions are (1) rationally related to their legitimate purpose or (2) excessive in relation to that purpose." *Id.* (citing *Hubbard v. Taylor*, 399 F.3d 150, 159-60 (3d Cir. 2005) ("*Hubbard I*")).

"Exposure alone does not establish a constitutional violation and [Plaintiff's] complaint, as drafted, does not establish that his conditions of confinement amounted to unconstitutional punishment rather than good faith efforts to reduce the spread of COVID." *Graham v. Aviles*, No. 22-5760, 2022 WL 16949131, at *4 (D.N.J. Nov. 14, 2022) (citing *Hope*, 972 F.3d at 329-30). "'[A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose.'" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (quoting *Rapier v.*

3

*Harris*, 172 F.3d 999, 1005 (7th Cir. 1999)).  Plaintiff has not alleged such facts in his Complaint; therefore, the Court will dismiss the Complaint for failure to state a claim.

As Plaintiff may be able to allege facts that address the deficiencies noted by the Court, the Court will grant Plaintiff leave to submit a proposed amended complaint.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint.  6 Wright, Miller & Kane, *Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*  Any proposed amended complaint will be subject to this Court's § 1915 review prior to service.

## IV.   CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint without prejudice for failure to state a claim.  Plaintiff may submit a proposed amended complaint within 30 days of this Opinion and accompanying Order.

 **3/1/2023**  
Date

*Evelyn Padin*  
Evelyn Padin, U.S.D.J.